UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-65-TAV-DCP-10 |
| | ) | |
| VIRGIL L. CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. Presently before the Court is defense counsel's Motion to Withdraw as Attorney [Doc. 322], filed on November 25, 2019. On December 5, 2019, the parties appeared before the Court for a motion hearing. Assistant United States Attorney Brent Jones was present representing the Government. Attorney Michael Cabage was present representing Defendant, who was also in attendance. Attorney Jessica McAfee was also present.

In the Motion to Withdraw [Doc. 322], Attorney Cabage states that the attorney-client relationship is irrevocably broken, and Defendant has no confidence in his representation. The Court conducted a sealed, *ex parte* hearing with Defendant and Attorney Cabage to learn the nature and extent of the problems with the attorney-client relationship. Based upon the representations of Attorney Cabage and Defendant during the sealed portion of the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Accordingly, the Court finds that good cause exists to grant

the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's Motion to Withdraw [Doc. 322] is **GRANTED**, and Attorney Cabage is **RELIEVED** as counsel of record for Defendant. At the end of the hearing, Attorney McAfee agreed to accept representation of Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney McAfee under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Attorney Cabage is **DIRECTED** to turn over all discovery and Defendant's file to Attorney McAfee.[1]

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Withdraw [**Doc. 322**] is **GRANTED**;

(2) Attorney Cabage is **RELIEVED** of further representation of Defendant and **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and

(3) Attorney Jessica McAfee is **SUBSTITUTED and APPOINTED** as counsel of record for Defendant pursuant to the CJA.

**IT IS SO ORDERED**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] The parties represented that the original discovery produced by the Government had to be downloaded onto a hard drive and provided to defense counsel, so that portion of the discovery will be provided directly to Attorney McAfee by the Government rather than by Attorney Cabage.