IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CR-65-TAV-DCP |
| VIRGIL L. CRAWFORD, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Virgil L. Crawford's Motion for Reconsideration [Doc. 612]. *See* 28 U.S.C. § 636(b). For the reasons discussed herein, the Court continues to find that the issue the Defendant seeks to raise by way of a motion for a *Franks* hearing ("the *Franks* motion") was already decided in the litigation of the Defendant's Motion to Suppress Evidence. Accordingly, the Court finds that Defendant has not demonstrated good cause for filing the *Franks* motion out of time. Defendant's renewed request for a *Franks* motion [**Doc. 612**] is **DENIED**.

**I. BACKGROUND AND POSITIONS OF THE PARTIES**

On December 17, 2020, the undersigned denied [Doc. 566] Defendant's request for leave to file a *Frank*'s motion beyond the deadline for pretrial motions. In so ruling, the Court found that defense counsel, Attorney Jessica McAfee, presented no legitimate reason for her delay in moving for a *Franks* hearing, that the belated filing would prejudice the Government and the Court, and that Defendant's proposed *Franks* motion was foreclosed by the Court's ruling on his prior suppression motion [Doc. 566, pp.5-6]. Defendant filed an objection to this ruling [Doc. 574], arguing that counsel was not aware of a discrepancy between the testimony of Investigator John

Homes at the suppression hearing and an "inventory log" bearing Investigator Holmes's handwritten notes, until reviewing that evidence with Defendant in September and October 2020.[1] United States District Judge Thomas A. Varlan overruled Defendant's objection, finding Defendant failed to show the order denying the belated *Franks* motion was clearly erroneous or contrary to law [Doc. 581]. Thereafter, the Court permitted Ms. McAfee to withdraw and substituted new counsel, Attorney Timothy Hutson [Doc. 595]. New counsel for Defendant Crawford asks the Court to reconsider its prior denial of leave to pursue an untimely *Franks* motion, reframing the issue in terms of the ineffective assistance of counsel [Docs. 612 & 613].

In his motion to reconsider, Defendant Crawford argues he was denied the effective assistance of counsel by Ms. McAfee's failure to timely file a motion for a *Franks* hearing. The Sixth Amendment right to counsel includes the right to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687; *see also, Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). Defendant contends that the Court has already found Ms. McAfee's performance was deficient, by finding that she presented no legitimate reason for seeking to file the *Franks* motion eight months after the expiration of the motion deadline. Further, he contends that he was prejudiced by the inability to suppress the evidence seized from

---

[1] Defendant argues that Investigator Homes falsely testified at the suppression hearing that law enforcement observed a crack-like substance on the top of Defendant's dresser during their initial entry into the residence [Doc. 574, p.4]. Defendant contends that an inventory log, which states the times and locations from which items were seized, reveals that the officers did not seize and, thus, did not observe the drugs on the dresser until they executed the search warrant, hours after the initial entry [Doc. 574, p.4]. In his objection to the Court's initial denial of leave to file the belated *Franks* motion, Defendant attributes handwritten notations on the inventory log to Investigator Holmes [Doc. 574, p.3].

2

his home, which he characterizes as the Government's "only significant physical evidence," because he did not have the opportunity to demonstrate the crack cocaine seized from the top of the dresser was not in plain view at the time of the initial entry and, thus, could not provide probable cause for the issuance of the search warrant.

The Government responds [Doc. 628] that Defendant still fails to show good cause for permitting the belated *Franks* motion. It contends that the Defendant seeks to relitigate issues raised at the suppression hearing and that no new evidence is presented, either in the motion to reconsider or Defendant's original request for a *Franks* hearing. The Court agrees.

## II. ANALYSIS

The Court begins by observing that whether to permit or decline to hear an untimely motion is a matter within the Court's discretion. *See* Fed. R. Crim. P. 12(c)(3). The Court may allow a motion beyond the deadline, if the proponent shows "good cause" for the untimely filing. *Id.* "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (relying on *United States v. Walden*, 625 F.3d 961 (6th Cir. 2010)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *Walden*, 625 F.3d at 965). In the instant case, the Court previously held that Defendant failed to provide a legitimate explanation for the delay in filing a motion for a *Franks* hearing, that both the Court and the Government would be prejudiced by the untimely filing, and "importantly, . . . Defendant's proposed *Franks* motion is foreclosed by the Court's ruling on the prior suppression motion" [Doc. 566, p.11].

Defendant argues that he was denied the effective assistance of counsel by prior counsel's failure to file the *Franks* motion timely. "An error by counsel, even if professionally unreasonable,

3

does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). If the defendant fails to prove that he suffered prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion). In the instant case, the Court need not determine whether Ms. McAfee's failure to timely file a motion for a *Franks* hearing constitutes deficient performance under Sixth Amendment jurisprudence.[2] Instead, the Court finds that Defendant Crawford is not prejudiced from the inability to litigate a *Franks* motion pretrial, because the issue he seeks to raise was already litigated in relation to his suppression motion.

The following facts place the Defendant's argument in context:[3] On April 22, 2019, Knoxville Police Department ("KPD") Investigator John Holmes arrested Defendant Crawford just inside the doorway of his house, pursuant to an arrest warrant. Following receipt of the *Miranda* warnings, Defendant consented to the officers looking around the residence. Defendant also requested a pair of shoes from his bedroom, directing the officers to the front right bedroom, facing the street. Another officer advised Investigator Holmes that he observed suspected crack cocaine on the dresser in the Defendant's bedroom, along with a locked safe and filing cabinet. Investigator Holmes advised Defendant the officers found cocaine in the bedroom and asked if a

---

[2] While the Court previously found that Ms. McAfee failed to provide a legitimate explanation for not filing the requested *Franks* motion by the motion deadline, this is not the equivalent of a finding of deficiency as Defendant contends. Because the issue was previously litigated in relation to the suppression motion, the *Franks* motion would have been redundant.

[3] These facts are taken from the Court's factual findings in the Report and Recommendation [Doc. 408, pp. 9-11] on Defendant's Motion to Suppress.

4

Case 3:19-cr-00065-TAV-DCP   Document 663   Filed 08/06/21   Page 4 of 9   PageID #: 4099

key on his key ring fit the safe. Defendant said he did not consent to a search of the residence. Investigator Holmes took photographs of the safe and filing cabinet and observed a clear baggie of suspected crack cocaine on the dresser. He provided this information and the photographs of the safe and filing cabinet to DEA Special Agent Peter Wooden, who obtained a search warrant for the safe and the filing cabinet. The affidavit submitted in support of the search warrant states, in pertinent part, that "[d]uring the consensual search of the residence officers observed suspected cocaine and a set of scales in the residence" [Doc. 334-2, ¶45].

On April 6, 2020, the undersigned filed a Report and Recommendation, recommending that the motion to suppress be granted in part and denied in part [Doc. 408]. The Court found the officers exceeded the scope of the Defendant's consent, when they searched inside his dresser, and that drugs and digital scales seized from inside the dresser should be suppressed.[4] However, the Court found that even excluding the suppressed items, the search warrant affidavit still provided probable cause to issue a search warrant for the Defendant's residence, based upon the crack cocaine in plain view on top of Defendant's dresser. On April 27, 2020, District Judge Varlan accepted the report and recommendation in whole and granted the suppression motion in part [Doc. 411].

In the motion to reconsider, Defendant advances the argument by prior counsel that Investigator Holmes did not see the crack cocaine on the dresser at the time of the initial entry into Defendant's residence, because a search inventory log reveals the crack cocaine was not seized until several hours later. Thus, Defendant argues that if the crack cocaine Investigator Holmes claimed to have viewed on the dresser is stricken from the affidavit, the affidavit no longer

---

[4] The Court also found a pill bottle on top of Defendant's dresser was improperly seized because officers could not discern its incriminating nature upon viewing it.

5

provides probable cause to support the search warrant. He asserts that the "*Franks* motion filed by prior counsel strikes at the heart of the sufficiency and truthfulness of the affidavit by a preliminary showing that there was not crack cocaine in plain view on top of the dresser during the warrantless search and the affidavit in this regard was intentional, misleading, and untruthful" [Doc. 613, p.7].

In support of the proposed *Franks* motion [Doc. 544-2], which current counsel adopts, Defendant submitted a "Search Log for 1203 Texas Avenue" [Doc. 544-3]. The Search Log, which bears no markings indicating who created it or that it is a police inventory report,[5] states that Officers Grantham and Bradley "recovered" a scale with residue and suspected crack cocaine from inside a dresser drawer and a pill bottle from the top of the dresser at "17[:]08 hrs" and "during [the] initial search" [Doc. 544-3]. A handwritten note beside these two entries states "initial search." The Search Log also states that Investigator Holmes "[r]ecovered a baggie corner on top of dresser with off white rock substance" at "17[:]10 hrs" [Doc. 544-3]. Defendant argues that this Search Log shows that Investigator Holmes did not see drugs on top of the dresser until he returned to the residence with the search warrant.

The Court finds the fact that Investigator Holmes did not *seize* the drugs on top of the dresser during the initial walkthrough does not prove that he did not *see* them at that time. At the suppression hearing, Investigator Holmes testified that Defendant Crawford directed an officer to

---

[5] The Search Log is not self-authenticating. It appears to be a timeline of events, rather than an inventory or a search warrant return. The document does not indicate its author or who made the handwritten notations thereon. It bears the date of "Monday, April 22, 2019," in the upper right corner and in a different font and type size from the remainder of the document. It also bears a date and time stamp on the top, indicating it was faxed on September 21, 2020, but does not state the sender or the recipient of the facsimile. Ms. McAfee provided an affidavit with her objection to the undersigned's denial of leave [Doc. 574-1], but it is not clear that the affidavit's discussion of the handwritten notes by Investigator Holmes, which were faxed to counsel by Defendant, refers to the Search Log.

6

his bedroom to get his shoes and that the officer observed "on top of the dresser was a baggie corner that was open that had a white rock-like substance that appeared to be cocaine, and in a dresser drawer, there was a box of a digital scale" [Transcript, Doc. 363, p.9]. Investigator Holmes also testified that "the uniformed officer came out and advised me that they observed some – what they believed to be crack cocaine on the dresser, a locked safe, and a locked file cabinet in the bedroom" [Doc. 363, p.10]. Investigator Holmes testified that after Defendant indicated that he was not consenting to a search of his residence, Holmes, "pulled" the officers and other occupants out of the residence and provided information to Special DEA Agent Pete Wooden to obtain a search warrant [Doc. 363, p.11]. Investigator Holmes testified that he waited outside the residence until Agent Wooden arrived with the search warrant [Doc. 363, p.11].

On cross-examination by Ms. McAfee, Investigator Holmes again testified that while he was interviewing another occupant of the residence, "one of the uniformed officers walked up and advised me that they observed what they believed to be some crack cocaine lying on the dresser, and stated there was a locked safe and file cabinet in that room next to the cocaine" [Doc. 363, p.16]. Ms. McAfee questioned Investigator Holmes about what evidence was visible during the walk-through of the residence before the officers obtained a search warrant, and Holmes responded that a digital camera faced the safe, a container of Benefiber was near the safe, and a "baggie with the substance believed to be cocaine [was] on the dresser probably two feet from the safe" [Doc. 363, p.18]. Ms. McAfee questioned him about whether the baggie of cocaine was on the dresser, which he affirmed [Doc. 363, p.18]. During cross-examination, Investigator Holmes explained that the cocaine found on the dresser in close proximity to the safe, along with the statements of two coconspirators at the residence, formed the basis for him requesting the search warrant for the safe and filing cabinet [Doc. 363, p.21]. When questioned about the items taken from inside the

7

dresser during the walk-through, Investigator Holmes reiterated "the cocaine was lying on top of the dresser itself. So it was apparent immediately" [Doc. 363, p. 22].

Following the evidentiary hearing, Defendant moved to submit three late-filed exhibits, one of which is "a ledger of items seized as part of the execution of the search warrant to the Defendant's residence" that lists "where seized items were located inside the residence" [Doc. 348, pp.1-2]. The ledger is a DEA "Receipt for Cash of Other Items," and it states that crack was seized from the top of the dresser in the bedroom [Doc. 348, Exh.1]. The Court accepted the late-filed exhibits [Doc. 368]. Thus, the fact that the crack cocaine from the top of the dresser was seized at the time of the execution of the search warrant, rather than at the time of the walk-through, was before the Court in considering the motion to suppress evidence.

In his proposed *Franks* motion, Defendant Crawford seeks to challenge Investigator Holmes's testimony that crack cocaine was seen on the top of a dresser in Defendant's bedroom during the initial walk-through by officers. However, the Court finds that Defendant Holmes has already cross-examined Investigator Holmes about this very issue and has presented evidence, similar to the exhibit he seeks to present in a *Franks* motion, that the crack cocaine on top of the dresser was not seized until the execution of the search warrant. The Court has considered the argument Defendant seeks to make in his *Franks* motion, has found Investigator Holmes's testimony that officers saw the crack cocaine on the dresser during the walk-through to be credible, and has determined that evidence (the crack cocaine observed on the top of the dresser) provides probable cause for the issuance of the search warrant [Docs. 408 & 411]. The Court finds that Defendant Crawford is not prejudiced by Ms. McAfee's failure to timely file the *Franks* motion, because he has already litigated and the Court has already decided the issue he seeks to raise therein.

8

Case 3:19-cr-00065-TAV-DCP   Document 663   Filed 08/06/21   Page 8 of 9   PageID #: 4103

Finally, the Court continues to find no good cause to permit substitute counsel to file a *Franks* motion out of time. Permitting Defendant Crawford to raise the same issue multiple times wastes judicial resources and treads upon the public's and the codefendants' interest in a speedy trial.

## III. CONCLUSION

For the reasons discussed herein, Defendant's Motion for Reconsideration [**Doc. 612**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge